CHARLES A. SIBLEY V. WILLIAM W. RICE ET AL.

FILED JUNE 21, 1899. NO. 8936.

1. **Open Account:** CHARGES. An item in an open account which. in-
cludes not only a disbursement of the debtor's money in the
hands of the creditor, but also a disbursement of the creditor's
private funds for the debtor's use and benefit, is a legitimate
and valid charge.

2. ———: LIMITATION OF ACTIONS. Evidence examined, and *held* suf-
ficient to sustain the finding and judgment of the trial court.

ERROR from the district court of Lincoln county. Tried
below before NEVILLE, J. *Affirmed.*

*T. Fulton Gantt,* for plaintiff in error.

*Wilcox & Halligan, contra.*

SULLIVAN, J.

This action was instituted by William W. Rice, Henry
W. Ring, and Charles Rice, as partners, to recover of
Charles A. Sibley a sum of money alleged to be due upon
an open account. The items constituting the account
arise out of a connected series of transactions covering
a period of several years. The answer presented among
other defenses the statute of limitations. A trial to a
jury in the district court of Lincoln county resulted in a
verdict and judgment in favor of the plaintiffs. The de-
fendant prosecutes error.

The last item on the debit side of the account was en-
tered October 9, 1890, and is as follows: "To cash paid
M. S. Ayer & Co., $882.20." Whether this item is a proper
charge—whether it represents an actionable demand in
favor of the plaintiffs and against the defendant—is the
only question discussed by counsel and, therefore, the
only one which we are called upon to decide. The con-
tention of counsel, as we understand it, is that the entry,
as elucidated by the evidence, represents merely a dis-

54

bursement by the plaintiffs of Sibley's money for Sibley's use. This view of the matter is quite plausible, but altogether incorrect, as we shall now proceed to show. The plaintiffs are lawyers engaged in the practice of their profession in the state of Massachusetts. They were employed by the defendant in an action brought against him and another by M. S. Ayer & Co. to recover for goods sold and delivered. While the cause was pending, and in a proceeding ancillary thereto, the court, by an appropriate order, impounded in their hands the sum of $1,145.02, which they had received from the foreclosure of a chattel mortgage belonging to their client. Ayer & Co. afterwards recovered a judgment in the action for $1,224.21 and obtained an order for the application thereto of the impounded fund, except so much thereof as should be necessary to pay the costs of the foreclosure. Sibley appealed to the supreme judicial court, but the proceeding was eventually abandoned and the judgment of the trial court affirmed. While the appeal was pending these plaintiffs applied $399.98 of the money in their hands to the payment of the expenses of the mortgage-foreclosure. This, of course, was the application of the defendant's money to the payment of items of indebtedness for which he was justly liable. He raises no question whatever as to the authority of plaintiffs to make the disbursement, and does not deny the correctness of the items paid. After the affirmance of the judgment in favor of M. S. Ayer & Co. the plaintiffs accounted to the superior court for the sum of $745.88 as the balance in their hands belonging to Sibley. The court, however, rejected some of the items of expense incurred in the foreclosure of the chattel mortgage, and on October 9, 1890, made an order requiring plaintiffs to pay into court the sum of $882.20. They complied with this order, but in doing so were obliged to pay out of their own funds the sum of $137.06. This was money paid for Sibley's benefit. Consequently there was included in the charge of $882.20 the sum of $137.06, which was a perfectly legitimate

debit item. The action having been commenced October 4, 1894, was not barred by the statute of limitations. The judgment is

AFFIRMED.